STEEL, INC. *v*. UNITED STATES (No. 4006) [1]

United States Court of Customs and Patent Appeals, March 1, 1937

*Lawrence A. Harper* (*Abraham Gottfried* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Joseph F. Donohue*, special attorney, of counsel), for the United States.

[Oral argument February 10, 1937, by Mr. Lawrence; submitted on brief by appellant]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, overruling a protest of appellant against the classification by the collector at the port of Los Angeles of certain forged steel grinding balls as parts of machines under paragraph 372 of the Tariff Act of 1930 at the rate of 27½ per centum ad valorem. Appellant claimed the merchandise to be dutiable at 25 per centum ad valorem, under paragraph 319 (a) of said act, as forgings of steel.

The competing paragraphs involved, insofar as they are here pertinent, read as follows:

PAR. 372. * * * all other machines, finished or unfinished, not specially provided for, 27½ per centum ad valorem: *Provided*, That parts, not specially provided for, wholly or in chief value of metal or porcelain, of any of the foregoing, shall be dutiable at the same rate of duty as the articles of which they are parts: * * *.

PAR. 319. (a) Iron or steel anchors and parts thereof; forgings of iron or steel, or of combined iron and steel, not machined, tooled, or otherwise advanced in condition by any process· or operation subsequent to the forging process, not specially provided for, 25 per centum ad valorem.

Before the trial court it was stipulated that the merchandise here involved is of the same character as that involved in the case of *Steel, Inc.* v. *United States*, Abstract 25960, 64 Treas. Dec. 1070, and the record in that case was incorporated as a part of the record in the case at bar. Appellant rested its case upon said incorporated record, and the Government introduced the testimony of one witness.

It is established that the steel balls here involved are used solely in grinding mills for the purpose of pulverizing ore or cement. The mills in which the balls are used consist of an outer cylindrical shell, fitted with gears and a motor to revolve it. In the wall of the shell is an opening about sixteen by eighteen inches through which the balls are placed in the shell. They are not attached to the shell. When the ore is introduced into the shell and the shell is caused to revolve, the ore and steel balls come into contact with each other, so that the ore is crushed or pulverized.

In the incorporated record it appears that one G. M. Leach was a witness on behalf of the importer. He testified in part as follows:

Q. Have you seen anything else used in those ball mills, besides steel balls, such as the ball I have in my hand, and which I now present as Exhibit 1?

\* \* \* \* \* \* \*

—A. Yes, sir; they use rods. I have seen them used in the same mills. They also use rock. This rock is imported, generally, from Sweden or Denmark. It is very hard rock, and they use that for grinding purposes.

\* \* \* \* \* \* \*

Q. They do use something else besides these balls in the grinding mills you described?—A. You can use rock or rods instead of the balls. I want to qualify that. The mill that the rods are used in, is a little different in design than the mill the balls are used in.

Q. And how about the rock?—A. The rock is used in the same mill. They can use the rock instead of the balls.

Q. In the same mill?—A. Yes, sir.

\* \* \* \* \* \* \*

R. X Q. Is it customary to use rock in place of the balls?—A. The balls are more efficient.

R. X Q. Mills constructed to-day are generally for use with steel balls?— A. Yes, sir; they are made a little heavier, than if they were used with the rock.

It is appellant's contention that, because the testimony discloses that a certain kind of rock may be used in lieu of the steel balls, the latter are not parts of machines under the rule laid down in the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851. The court there said:

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article.* \* \* \* [citing authorities.]

We think there is a clear distinction between the case at bar and the case last above cited. In that case the camera would operate as a camera without the tripod, but in the case at bar the machine will not operate as a grinding mill without steel balls or a distinctive kind of hard rock. Eliminating for the moment consideration of the rock, the steel balls are a component part of the grinding mill without which it could not function as a grinding mill.

Appellant contends that, as the balls are not attached to the shell, they are not parts of the machine. We know of no rule which requires that an article, in order to constitute a machine, must have all of its parts attached together. The steel balls respond to the motor power of the machine by revolving or tumbling with the revolutions of the shell, and they, or an equivalent article, are essential to the completion of the machine as a grinding mill.

Appellant further contends that the mechanism will operate without the steel balls or their equivalent, although not for grinding purposes. This is immaterial. It will not function as a grinding

mill without them. An ordinary household ice cream freezer would respond to the definitions of a machine with the stirring mechanism removed, but it would not then be an ice cream freezer. We do not think that anyone would contend that such stirring mechanism is not a part of an ice cream freezer.

The more serious of appellant's contentions is that it is optional, according to the testimony, for the user of a grinding mill to use steel balls such as are here involved or an imported hard rock, and that therefore steel balls are not indispensable to the operation of the grinding mill. We have given this matter consideration and conclude that the mere fact that two articles each serving the same purpose may be optionally used for the completion of a machine does not prevent each of said articles from being a part of a machine. We would observe at this point, however, that the testimony is very meager as to the use of rock. It does not appear whether it is processed into distinct forms or otherwise, or whether it is used in its natural state. Therefore, whether such hard rock may be considered, generally speaking, as parts of machines we need not here determine. It is sufficient to say that, in order for an article to be a part of a machine, it is not necessary that there be no substitute for such article.

In the case of *United States* v. *Sussex Print Works*, 17 C. C. P. A. (Customs) 257, T. D. 43686, it was held that unengraved copper rollers intended for use in printing designs on silk cloth are parts of textile machinery. Had it been shown in that case that steel rollers were also used for that purpose, we do not think that this fact would have affected our conclusion.

In the case of *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T. D. 41434, this court held that automobile horns were parts of automobiles. In the opinion it is stated:

\* \* \* To operate an automobile without lights would certainly limit it to day operations, and the use of a horn *or some other sounding device* is usually so essential to the safety of the operator of the car and to the public in general as to make its use almost indispensable. [Italics supplied.]

Inasmuch as the steel balls here involved were manufactured solely for use in grinding mills, and had no other use, and as such steel balls or equivalent articles are necessary for the completion of a grinding mill and indispensable to its use, we are in agreement with the trial court that the imported balls are parts of machines, and hold that its judgment should be, and it is, *affirmed*.